# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

UNITED STATES OF AMERICA,

                Plaintiffs,

vs.

BRADLEY WINTERS,

                Defendant.

No. 23-CR-3032-LTS-KEM-1

**REPORT AND RECOMMENDATION**

---

The Government charged Defendant Bradley Winters with one count of conspiracy to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 841, 846, and 851; and two counts of possessing with intent to distribute and aiding and abetting the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841, 852, and 2. Doc. 4. Winters moves to dismiss, arguing that federal courts lack jurisdiction. Docs. 61, 61-1. The Government resists. Doc. 70.

Winters argues that the Constitution grants federal courts jurisdiction over cases involving "bankruptcy, immigration, patents, the Postal Service, . . . coining and regulating money," or law violations on federal property, but none of those categories apply here. *Id.* He recognizes that the Constitution also grants the federal government powers through the Commerce Clause, but he argues that Congress can criminalize only interstate drug trafficking, not intrastate drug trafficking without a showing that it affected interstate commerce. The Eighth Circuit has rejected this argument: "Congress may regulate both intrastate and interstate drug trafficking under its commerce clause powers because of the effect that intrastate drug activity has upon interstate commerce."[1]

---

[1] *United States v. Davis*, 288 F.3d 359, 362 (8th Cir. 2002).

This federal court has jurisdiction because Winters is charged with federal crimes. Congress did not exceed its powers under the Commerce Clause by making intrastate drug trafficking a federal crime.

I recommend **denying** Winters's motion to dismiss (Doc. 61).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections.[2] Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[3] Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[4]

**DATED** May 30, 2024.

Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[2] **LCrR 59**.

[3] *See* **Fed. R. Crim. P. 59**.

[4] ***United States v. Wise***, 588 F.3d 531, 537 n.5 (8th Cir. 2009).