# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY WINTERS,<br><br>    Defendant. | No. CR23-3032-LTS-KEM<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Bradley Winters' motion (Doc. 61) to dismiss due for lack of jurisdiction. Doc. 72. The Government has not filed a response and the time to do so has passed. *See* Local Criminal Rule 59. Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On October 19, 2023, a four-count indictment (Doc. 3) was returned charging Winters with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851 (Count 1), and possession with intent to distribute and aiding and abetting the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851 and 18 U.S.C. § 2 (Counts 2-4). The charges stem from conduct that allegedly occurred between July 1 and July 12, 2023, when the Government claims a confidential informant purchased methamphetamine totaling 112 grams from Winters. Doc. 63-1 at 1; Doc. 70 at 1.

Winters moves to dismiss the indictment, arguing that this court lacks jurisdiction over his case. Doc. 82-1 at 2.

## III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude

2

further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

Winters contends Judge Mahoney erred in finding that the federal government has jurisdiction over his case because drug trafficking is not one of the specifically enumerated federal issues detailed in Article 1, Section 8 of the United States Constitution. Doc. 82-1 at 2. After thoroughly reviewing the filings in this case and conducting a de novo review, I agree with Judge Mahoney that the federal government has jurisdiction over the charges against Winters through the Commerce Clause. Binding Eighth Circuit precedent is clear: "Congress may regulate both intrastate and interstate drug trafficking under its commerce clause powers because of the effect that intrastate drug activity has upon interstate commerce." *United States v. Davis,* 288 F.3d 359, 362 (8th Cir. 2002). As such, Winters' objection to the R&R must be overruled.

## V. CONCLUSION

For the reasons stated herein, Winters' objection (Doc. 82) to the Report and Recommendation (Doc. 72) is **overruled**. The Report and Recommendation (Doc. 72) is hereby **accepted** in its entirety and Winters' motion (Doc. 61) to dismiss is **denied**.

**IT IS SO ORDERED** this 26th day of June, 2024.

_____
Leonard T. Strand
United States District Judge