IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY WINTERS,<br><br>Defendant. | No. 23-CR-3032-LTS-KEM<br><br>**REPORT AND RECOMMENDATION** |

Multiple motions by pro se Defendant Bradley Winters are pending before the court: motions to dismiss (Docs. 177, 193), motions to suppress evidence (Docs. 180, 181), and motions to extend the pretrial motion deadline (Docs. 176, 179). Defendant filed supplements to his motions and replies to the Government's resistances. Docs. 196, 202, 207, 212, 214. The Government resists each of the motions. Docs. 201, 203-04, 210. This report and recommendation addresses each of the motions, except the motion to suppress as to Count 6 (Doc. 180), which will be addressed by separate report and recommendation. The court finds it unnecessary to hold any further hearing on the motions addressed herein.

## *I. PROCEDURAL BACKGROUND*

On October 19, 2023, a grand jury returned an indictment charging Defendant with conspiracy to distribute methamphetamine (Count 1) and possession with intent to distribute methamphetamine (Counts 2 and 3).[1] Doc. 4. Defendant initially appeared in this case in the District of Minnesota on November 16, 2023, following his arrest in that district. Doc. 20. He was released on conditions of release in that district on

---

[1] The Indictment also charges Co-Defendant Gary Winters with conspiracy (Count 1) and with possession with intent to distribute (Count 4).

November 21, 2023 (Doc. 20), and made his initial appearance in this district on December 11, 2023 (Doc. 27). The court appointed counsel at Defendant's request. Docs. 20, 21. Between his appearances in Minnesota and this district, Defendant filed a pro se motion for discovery (Doc. 22) and a pro se motion to dismiss (Doc. 26), which the court denied because Defendant was represented by counsel (Docs. 23, 32). The court initially scheduled trial for January 16, 2024 (Doc. 31) and then continued trial four times for a total period of seven months (Docs. 35, 39, 43, 69). The court also granted multiple extensions (four months in total) of Defendant's deadline to file pretrial motions. Docs. 35, 39, 43, 49. In May 2024, Defendant's counsel filed multiple pretrial motions: a motion to dismiss for lack of jurisdiction (Doc. 61), three motions to compel evidence (Docs. 62, 64, 65), and a motion to sequester (Doc. 63). The court denied the motions to compel and motion to sequester. Docs. 73, 75, 93. The district judge, considering my report and recommendation (Doc. 72) and Defendant's objections thereto (Doc. 82) denied the motion to dismiss. Doc. 92.

On July 12, 2024, Defendant filed a motion to waive counsel and proceed pro se. Doc. 104. He also filed a pro se motion for leave to file an untimely motion to suppress (on Counts 1 through 3). Doc. 111. The court scheduled a hearing for July 18, 2024, to discuss those motions, the status of the case, and alleged pretrial violations. Docs. 107, 108, 112, 117. Defendant failed to appear for the hearing, and the court issued a bench warrant for his arrest. Docs. 119.

Defendant was arrested on state charges on July 26, 2024. Doc. 139. This court continued Defendant's trial in this case, scheduled for August 12, 2024, because Defendant was not available for trial. Doc. 137. On August 15, 2024, a grand jury returned a second superseding indictment[2] that added Count 5 (failure to appear) and

---

[2] A superseding indictment was returned on June 12, 2024, which changed language on Counts 2 and 3 but not the substantive charges. Docs. 79, 80. Defendant was arraigned on that

Count 6 (possession with intent to distribute)—both stemming from Defendant's failure to appear on July 18 and his arrest on July 26. Docs. 147, 149. Defendant came into federal custody on September 18, 2024 (Docs. 156, 157), and he appeared in this court on September 23, 2024 (Doc. 159). Between the time he failed to appear on July 18 and his appearance on September 23, Defendant filed multiple letters and motions, which the court denied. Docs. 125, 126, 127, 128, 129, 134, 141, 143, 144, 152, 154. This included a motion to dismiss for lack of jurisdiction. Doc. 127.

The court rescheduled trial for October 28, 2024, and then continued it for three months on Defendant's motion. Docs. 162, 175. The court set a pretrial motion deadline for December 6, 2024, as to Counts 5 and 6 only (the new charges). Doc. 175. Defendant filed another motion to waive counsel and proceed pro se, and on October 8, 2024, the court granted Defendant's motion after he knowingly and voluntarily waived his right to counsel. Docs. 171-72. Defendant filed the pending motions prior to the pretrial motion deadline set for Counts 5 and 6.

## II. MOTIONS AS TO COUNTS 1 THROUGH 3
### (Docs. 176, 177, 179, 181)

As to Counts 1 through 3, Defendant seeks leave to file untimely motions to suppress (Doc. 181) and to dismiss (Doc. 177). Docs. 176, 179. The Government argues leave should not be granted for the untimely motions.

> Under Rule 12(c) of the Federal Rules of Criminal Procedure, a court may set a deadline for the filing of pretrial motions. If a party fails to file a pretrial motion before that deadline, the party waives that issue. However, the district court has the discretion to excuse the waiver upon a showing of good cause for the delay.[3]

---

superseding indictment on June 24, 2024. Doc. 89.

[3] ***United States v. Salgado-Campos***, 442 F.3d 684, 686 (8th Cir. 2006) (citations omitted); *see also* **LCrR 7(e)** ("**Untimely Motions**. The court may refuse to consider an untimely motion unless the moving party establishes good cause for the untimeliness of the motion."). The court

3

Case 3:23-cr-03032-LTS-KEM    Document 224    Filed 12/06/24    Page 3 of 9

A defendant bears the burden of showing good cause, which "is a 'flexible standard that requires consideration of all interests in the particular case.'"[4] Good cause requires a showing of both cause and prejudice.[5] A court may consider the fact that the defendant absconded in determining whether to allow an untimely motion.[6]

As outlined above, Defendant had ample opportunity to file pretrial motions as to Counts 1 through 3. Indeed, Defendant filed multiple pretrial motions, including a motion to dismiss for lack of jurisdiction, which the court considered and denied. *See* Doc. 92. In his motion for leave to file his new motion to dismiss on Count 1 through 3 (Doc. 176), Defendant argues he did not have access to the law until after July 26, 2024. His motion to dismiss, however, deals entirely with jurisdiction—an issue the court has already considered and denied.

The prior motions Defendant filed (through counsel) did not include a motion to suppress evidence. Defendant asserts that he did not review discovery until after the pretrial motion deadline had expired. He also asserts the Government provided the wrong discovery to he and his Co-Defendant (giving Co-Defendant's discovery to Defendant and Defendant's discovery to Co-Defendant). During a status conference on the pending motions (Doc. 218), counsel for the Government indicated it disclosed all discovery (as to Counts 1 through 3) to both defendants shortly after their appearances in

---

notes that the cases Defendant relies upon do not apply in this context. *See Chavez v. Weber*, 497 F.3d 796 (8th Cir. 2007) (finding defendant had full opportunity to litigate his claims of unlawful seizure of evidence in context of habeas review); *Willett v. Lockhart*, 37 F.3d 1265 (8th Cir. 1994) (setting forth standard to obtain habeas review).

[4] *United States v. Collins*, No. 20-03046-01-CR-S-BP, 2021 WL 2372226, at *2 (W.D. Mo. May 6, 2021), *report and recommendation adopted*, 2021 WL 2371510 (June 9, 2021) (citing **Fed. R. Crim. P. 12(c)(3) advisory committee note to 2014 amendments**).

[5] *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019).

[6] *United States v. Trancheff*, 633 F.3d 696, 698 (8th Cir. 2011).

4

this court, and standby counsel confirmed the receipt of discovery materials in a timely manner. Defendant provides no explanation for why he didn't fully review discovery until July 12, 2024 (he had been on pretrial release since his initial appearance on November 21, 2023), or why that review necessitates an untimely motion to suppress. Defendant also asserts that he learned information in September 2024 about the seizure and handling of the cell phone (seized from Co-Defendant), and he raises issues with the custody and release of the cell phone. As explained below, this information does not support suppression of evidence (and thus, the filing of an untimely suppression motion). The issue boils down to Defendant wishing to litigate a suppression motion that his counsel chose not to file. "The desire to suppress incriminating evidence and [a change in] counsel are not by themselves sufficient to establish good cause to justify relief from a waiver" of pretrial motions.[7] In addition, Defendant contributed to delay in this case by absconding.[8]

Even if the court allowed Defendant's untimely suppression motion, it lacks merit. As to Counts 1 through 3, Defendant seeks to suppress evidence from controlled purchases, witness testimony, and evidence from a cell phone seized from Co-Defendant. Defendant provides a long list of grievances about the actions by law enforcement and issues with witness bias. Most of these issues should be addressed at trial—by cross-examining witnesses and requiring the Government to lay foundation for exhibits (such as audio and video recordings). Defendant does not provide a legal basis, nor is the court aware of one, to support his contention that the Government needed to obtain a

---

[7] *Trancheff*, 633 F.3d at 698; *see also **United States v. Dabney***, 42 F.4th 984, 989 (8th Cir. 2022) (obtaining new counsel not good cause to file untimely motion and considering that defendant failed to explain why he needed seven months to file routine suppression motion).

[8] Defendant failed to appear for the hearing set on Defendant's prior motion for leave to file an untimely motion to suppress (Doc. 111). Doc. 119.

5

warrant to conduct and record controlled purchases. Law enforcement may lawfully record interactions between a confidential informant and a defendant.[9]

As for evidence from the cell phone seized from Co-Defendant, the Government confirmed during the status conference (Doc. 218) that it may seek to introduce evidence from that cell phone, such as communications purportedly involving Defendant. The court previously determined, in connection with Co-Defendant's motion to suppress, that following Co-Defendant's arrest, he provided officers with access to and consent to search his cell phone. Doc. 113 at 2, 4. Defendant has no legal basis to challenge Co-Defendant's arrest.[10] Even if Defendant shows he has an ownership interest in the cell phone, Co-Defendant provided consent to search the phone.[11] *See* Doc. 81-1 (Co-Defendant "consented to search of his cell phone, providing officers with access to the phone").

I find Defendant has failed to show good cause to allow his untimely motions to suppress and to dismiss as to Counts 1 through 3. I also find that considering their merits, Defendant's motions fail and thus, no prejudice will result from failing to allow the untimely motions. Accordingly, I recommend the district judge deny Defendant's motions for leave to file the untimely motion to suppress (Doc. 181) and untimely motion

---

[9] *See United States v. Tangeman*, 30 F.3d 950, 952 (8th Cir. 1994) ("Neither a defendant's Fourth Amendment rights nor [the federal wiretap statute] are violated when a defendant's conversation with a government informant is recorded with the consent of the informant."). Violations of state law are generally irrelevant in federal criminal proceedings, but neither did the recordings violate Iowa law. *See* **Iowa Code § 808B.2(2)(b)** (recording telephone calls).

[10] *United States v. Bell*, 651 F.2d 1255, 1258 (8th Cir. 1981) (holding that defendant "had no 'standing' to object to the introduction of the evidence which was illegally obtained from [codefendant and coconspirator]").

[11] *See United States v. Langenberg*, 52 F.4th 755, 756 (8th Cir. 2022) (finding person had "either joint access to the phone or control over it" and thus apparent authority to consent to its search where the person "had possession of the phone, had access to its contents, had claimed ownership over it, and had searched the phone himself").

to dismiss (Doc. 177). In the alternative, I recommend the district judge deny Defendant's motion to dismiss (Doc. 177) because the court previously considered and rejected the arguments raised by Defendant, and also deny Defendant's motion to suppress (Doc. 181) on its merits.

### III. MOTION TO DISMISS (Doc. 193)

Defendant seeks dismissal of charges (Doc. 193). Defendant asserts this case involves selective and vindictive prosecution against him because the case agents sought his prosecution based on a vendetta. "Subject to constitutional constraints, 'in our criminal justice system, the Government retains broad discretion as to whom to prosecute.' 'One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on an unjustifiable standard such as race, religion, or other arbitrary classification.'"[12] To establish selective prosecution, a defendant must show (1) "he has been singled out for prosecution while others similarly situated were not prosecuted for similar conduct," and (2) the decision to prosecute "was based on an impermissible motive such as race, religion, or the exercise of constitutional rights."[13] Similarly, to establish a claim of vindictive prosecution, a defendant must show he was prosecuted as punishment for his exercise of a legal right.[14] The heavy burden on a defendant to show selective or vindictive prosecution stems from the Government's charging discretion—"so long as the prosecutor has probable cause to believe that the accused committed an

---

[12] *United States v. White*, 928 F.3d 734, 742 (8th Cir. 2019) (cleaned up) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985) and *United States v. Armstrong*, 517 U.S. 456, 464 (1996)).

[13] *Id*. at 742-43 (citation omitted); *United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir. 2004).

[14] *United States v. Campbell*, 410 F.3d 456, 461 (8th Cir. 2005).

7

offense defined by statute, the decision whether or not to prosecute, and what charge to file generally rests entirely in the prosecutor's discretion."[15] A defendant's "conclusory allegations" are insufficient to meet his burden.[16]

Defendant bases his selective and vindictive prosecution claims on the assertion that the case agents disliked or had issues with Defendant based on their prior involvement in a group and that group's interaction with Defendant in the past (specifically someone in the group throwing something at Defendant's vehicle and Defendant confronting them about doing so). Even if the court assumes these facts as true, they do not establish that the Government has acted improperly in prosecuting Defendant in this case, based either on an improper motive or due to his exercise of a right.

Defendant also seeks dismissal based on a lack of jurisdiction, a claim the court has already rejected. Finally, Defendant raises other issues, but they do not provide a legal basis for dismissal of charges (Defendant may challenge the Government's evidence and raise witness-credibility issues at trial).

I recommend denying Defendant's motion to dismiss (Doc. 193).

## IV. CONCLUSION

For the reasons explained above, I recommend **DENYING** Defendant's motions to file untimely motions (Docs. 176, 179), Defendant's motion to suppress as to Counts 1 through 3 (Doc. 181), and Defendant's motions to dismiss (Docs. 177, 193).

Objections to this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Criminal Procedure 59(b), and Local Criminal Rule 59, must be filed within fourteen days of the service of a copy of this Report and

---

[15] *United States v. Kelley*, 152 F.3d 881, 886 (8th Cir. 1998) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (cleaned up).

[16] *Hirsch*, 360 F.3d at 864.

Recommendation; any response to the objections must be filed within seven days after service of the objections. A party asserting such objections must arrange promptly for the transcription of all portions of the record that the district court judge will need to rule on the objections. Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. Failure to object to the Report and Recommendation waives the right to de novo review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.

The Clerk of Court will mail a copy of this order to pro se Defendant.

**SO ORDERED** on December 6, 2024.

Kelly K.E. Mahoney
Chief Magistrate Judge
Northern District of Iowa