# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY WINTERS,<br><br>    Defendant. | No. CR23-3032-LTS-KEM<br><br>**ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Bradley Winters' motions (Docs. 176, 179) to file untimely motions, motion (Doc. 181) to suppress as to Counts 1 through 3 and motions (Docs. 177, 193) to dismiss. Doc. 224. Winters, appearing pro se, has filed timely objections (Docs. 237, 240).[1] Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On October 19, 2023, a four-count indictment (Doc. 3) was returned charging Winters with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851 (Count 1), and possession with intent to distribute and aiding and abetting the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851 and 18 U.S.C. § 2 (Counts 2-4). The charges stem from conduct that allegedly occurred between July 1 and

---

[1] In his objections, Winters requests transcripts for numerous hearings. Winters may work with his standby counsel to order these transcripts from the court reporter.

July 12, 2023, when the Government claims a confidential informant purchased methamphetamine totaling 112 grams from Winters. Doc. 63-1 at 1; Doc. 70 at 1.

Winters seeks leave to file an untimely motion (Doc. 181) to suppress and an untimely motion (Doc. 177) to dismiss. Winters further moves to dismiss his charges because he argues that this case involves selective and vindictive prosecution. Doc. 193. Judge Mahoney issued her R&R (Doc. 224) on December 6, 2024, and recommends denying each of the motions. Trial is scheduled to begin March 24, 2025.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

### a. *Motions Relating to Counts 1 through 3 (Docs. 176, 177, 179, 181)*

Winters objects to Judge Mahoney's finding that he has not shown good cause to file untimely motions to suppress and to dismiss and, in any event, that those motions lack merit. Doc. 224 at 3-7; Docs. 237, 240. He contends that his motions are not untimely, but instead that his appointed counsel failed to properly raise issues against Winters' wishes. Doc. 237 at 7; Doc. 240 at 13. Winters also argues that he has been unable to file timely motions because he was not provided discovery. Doc. 237 at 2.

Both arguments are without merit. Winters was provided discovery and does not have an adequate explanation for delaying his review of that discovery. Doc. 224 at 4-5; *see also* Doc. 252. Further, the fact that Winters' prior counsel chose not to file motions does not constitute good cause to file untimely motions now that Winters is proceeding pro se. *United States v. Trancheff,* 633 F.3d 696, 698 (8th Cir. 2011). Finally, a hearing was set for Winters to argue as to why he should be able to file an untimely motion to suppress, but he chose to abscond. *Id*. (noting that the defendant absconded in affirming the denial of a motion to extend the time to file pretrial motions).

I further agree with Judge Mahoney that even if Winters did have good cause to file these untimely motions, they would fail on the merits. Regarding the motion to dismiss, Winters rehashes arguments he has previously made that this case lacks federal jurisdiction. Doc. 177; Doc. 237 at 2-6. As I stated in an order regarding a previous

3

motion to dismiss: "Binding Eighth Circuit precedent is clear: 'Congress may regulate both intrastate and interstate drug trafficking under its commerce clause powers because of the effect that intrastate drug activity has upon interstate commerce.' *United States v. Davis,* 288 F.3d 359, 362 (8th Cir. 2002)." Doc. 92 at 3.

In his objections to Judge Mahoney's finding that his motion to suppress is without merit, Winters argues (1) that his brother, Gary Winters, would not have consented to have his phone searched and (2) that even if Gary Winters consented to a phone search, Bradley Winters also had an ownership stake in that phone and did not consent to its search. Doc. 240 at 2-5. As a preliminary matter, Winters accuses the Government of communicating ex parte with the United States Attorney's Office because he argues that is the only way Judge Mahoney could have concluded that Gary Winters consented to a phone search. *Id*. at 2. Winters' accusations of ex parte communications are baseless. Judge Mahoney determined that Gary Winters had consented to a phone search because Gary Winters acknowledged such consent *in his own court filings*. Doc. 81-1 at 2 (Gary Winters writing in his brief supporting a motion to suppress that "[Gary Winters] also consented to the search of his cell phone, providing officers with access to the phone."). As to Winters' substantive arguments regarding the phone search, these are also without merit. The Eighth Circuit has held that one person with joint access to a cellphone may provide the necessary consent to search that cellphone. *United States v. Langenberg,* 52 F.4th 755, 756 (8th Cir. 2022). Thus, even if Bradley Winters was a co-owner of that phone, Gary Winters was able to consent to a search of the phone.

Finally, Winters objects to Judge Mahoney's finding that law enforcement lawfully recorded his interactions with a confidential informant. Doc. 240 at 9-11. I agree with Judge Mahoney that "[l]aw enforcement may lawfully record interactions between a confidential informant and a defendant." Doc. 224 at 6 (citing *United States v. Tangeman,* 30 F.3d 950, 952 (8th Cir. 1994)).

In conclusion, Winters does not have good cause to file untimely motions and, in any event, his substantive objections lack merit. As such, Winters' objections to Judge

4

Mahoney's findings regarding his motions (Docs. 176, 179) to file untimely motions, motion (Doc. 177) to dismiss and motion (Doc. 181) to suppress relating to Counts 1 through 3 are overruled.

### b.  *Motion to Dismiss (Doc. 193)*

Winters does not assert any specific arguments regarding Judge Mahoney's recommendation not to dismiss his charges based on selective and vindictive prosecution. As such, I have conducted a thorough de novo review of this portion of the R&R, as well as the case law cited, and agree with Judge Mahoney's conclusions. Winters' objections regarding his motion (Doc. 193) to dismiss are overruled.

## V.  CONCLUSION

For the reasons stated herein, Winters' objections (Docs. 237, 240) to the Report and Recommendation (Doc. 224) are **overruled**. The Report and Recommendation (Doc. 224) is hereby **accepted** in its entirety. Winters' motions (Docs. 176, 179) to file untimely motions, motion (Doc. 181) to suppress as to Counts 1 through 3 and motions (Docs. 177, 193) to dismiss are **denied**.

**IT IS SO ORDERED** this 7th day of January, 2025.

_____
Leonard T. Strand
United States District Judge