# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY WINTERS,<br><br>Defendant. | No. CR23-3032-LTS-KEM<br><br>**ORDER ON REPORTS AND RECOMMENDATIONS** |

## I. INTRODUCTION

This case is before me on two Reports and Recommendations (R&Rs) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Bradley Winters' motion (Doc. 247) to suppress audio recordings, along with Winters' third motion (Doc. 255) to dismiss. Docs. 251, 259. Winters, appearing pro se, has filed timely objections (Docs. 281, 282). Winters has also filed a motion in limine, which I will consider in this order. Doc. 228. The Government resists that motion. Doc. 239. Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

On October 19, 2023, a four-count indictment (Doc. 3) was returned charging Winters with conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 846 and 851 (Count 1), and possession with intent to distribute and aiding and abetting the possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851 and 18 U.S.C. § 2 (Counts 2-4). The charges stem from conduct that allegedly occurred between July 1 and July 12, 2023, when the Government claims a confidential informant purchased methamphetamine totaling 112 grams from Winters. Doc. 63-1 at 1; Doc. 70 at 1.

Winters moves to suppress audio recordings from July 1 and July 12, 2023, which were the subject of a previously denied motion (Doc. 181) to suppress. Doc. 247; Doc. Doc. 251 at 1 (Judge Mahoney explaining Winters' acknowledgement that this motion to suppress involves the same audio recordings as the previous motion to suppress). Winters further moves to dismiss his charges because he argues a lack of federal jurisdiction. Doc. 255. Judge Mahoney recommends denying each of the motions. Docs. 251, 259. Finally, Winters requests in his motion in limine that I order independent testing of the methamphetamine from his July 1 and July 12, 2023, controlled buys, or in the alternative, that this methamphetamine be excluded from the Government's case-in-chief at trial. Doc. 228 at 2-3. Trial is scheduled to begin March 24, 2025.

### III. STANDARD OF REVIEW

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although

2

there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## IV. DISCUSSION

### a. *Motion to Suppress Audio Recordings (Doc. 247)*

Winters objects to Judge Mahoney's finding that his motion to suppress audio recordings from July 1 and July 12, 2023, was untimely. Doc. 281; Doc. 251. Winters again argues that he has not had a chance to review discovery in this case and thus has good cause to file untimely motions. Doc. 281 at 2-4. I previously found that "Winters was provided discovery and does not have an adequate explanation for delaying his review of that discovery." Doc. 268 at 3. Winters' new objections do not disturb that finding. As such, after conducting a thorough de novo review, Winters' objection to Judge Mahoney's recommendation that his motion to suppress be denied as untimely is **overruled.**

### b. *Motion to Dismiss (Doc. 255)*

Winters objects to Judge Mahoney's finding that the federal government has jurisdiction over his case. Doc. 282. I have ruled multiple times that the federal government has jurisdiction over Winters' case. *See* Docs. 92, 268. Winters may raise his jurisdiction argument on appeal, if he is convicted in this case, but he has already

3

received this court's final answer.[1] I agree with Judge Mahoney's finding and Winters' objections are **overruled**.

c.  *Motion in Limine (Doc. 228)*

Winters requests that I order independent testing of the methamphetamine from the July 1 and July 12, 2023, controlled buys or that I exclude this methamphetamine from the Government's case-in-chief at trial. Doc. 228 at 2-3. I previously denied Winters' request for independent testing of the methamphetamine and again deny his request for the same reasons stated in that order. Doc. 75 at 6-7. Winters may cross-examine the author of the Government's lab reports at trial but the evidence will not be excluded. Winters' motion in limine is **denied.**

V. CONCLUSION

For the reasons stated herein, Winters' objections (Docs. 281, 282) are **overruled** and the Reports and Recommendations (Docs. 251, 259) are hereby **accepted** in their entirety. As a result, the motion (Doc. 247) to suppress and the motion (Doc. 255) to dismiss are both **denied**. Winters' motion (Doc. 228) in limine is also **denied**.

**IT IS SO ORDERED** this 17th day of January, 2025.

_____
Leonard T. Strand
United States District Judge

---

[1] On January 13, 2025, Judge Mahoney filed an order (Doc. 277) stating that the court will not entertain further motions to dismiss for lack of jurisdiction and that Winters will be subject to sanctions if he continues to re-raise the jurisdiction issue. Winters mailed his current motion to dismiss and his objections before that order was filed.